ALABAMA & VICKSBURG RAILWAY COMPANY v. JONES.

[71 South. 318.]

MASTER AND SERVANT. *Injuries to servant. Duty to warn.*

Where a railroad company employed a negro boy about thirteen years old as a laborer on a ditching train, it being his duty to remove the dirt from flat cars, and the ditching train, having been unloaded, took a side track in order to allow a freight train to pass, the crew remaining where the dirt was unloaded, and when the freight train was passing the boy attempted to jump on the moving freight train and was injured. In such case the railroad company was not guilty of negligence in failing to warn him, as it had no cause to anticipate that the boy would jump on such passing train.

APPEAL from the circuit court of Rankin county.
HON. A. J. McLAURIN, Judge.

Suit by Maceo Jones against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff, defendant appeals.

This was a suit in the circuit court by appellee for injuries received by him, resulting in the loss of a leg. There was a jury and verdict for one thousand, five hundred dollars, and from a judgment thereon this appeal is taken. The record shows that appellee, a negro boy

about thirteen years old, weighing one hundred and forty-three pounds and about five and one-half feet in height, was employed by appellant as a laborer on a ditching train, and that his duties were to move dirt from flat cars. On the day of the accident the ditching train had just unloaded some dirt, and left the crew at the place where the dirt had been unloaded, and had taken a side track so that a freight train could pass. When the freight train came along, appellee undertook to jump on the moving train, and was thrown to the ground and injured. It is contended that by reason of his youth it was the duty of appellant to warn him against the danger of jumping on moving trains, and for failure so to do they became guilty of negligence, and consequently liable for the injuries received by appellee.

*R. H. & J. H. Thompson,* for appellant.

*Stingily & McIntyre,* for appellee.

SMITH, C. J., delivered the opinion of the court.

Appellant had no cause to anticipate that appellee would jump on or off of passing trains, and therefore was under no duty to warn him not to do so. The peremptory instruction requested by appellant should have been given.

Reversed, and judgment here.

*Reversed.*